IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-01509-WYD-BNB

DAVID B. FISHER;
BISON CONSTRUCTORS INC.; and
MARK YAKOWEC, on behalf of themselves and all other similarly situated persons

    Plaintiffs,

v.

GENERAL STEEL DOMESTIC SALES, LLC d/b/a GENERAL STEEL CORPORATION, a Colorado limited liability company;
JEFFREY KNIGHT;
NATHAN WRIGHT;
BRUCE GRAHAM;
LEE BASHORE;
STEVEN PAIGE;
JOHN VIVIAN;
JONAH GOLDMAN; and
WAYNE GASTON,

    Defendants.

---

**ORDER COMPELLING ARBITRATION AND
ADMINISTRATIVELY CLOSING THE CASE**

---

THIS MATTER comes before me on Defendants' Motion to Compel Arbitration and for a Stay Pursuant to the Federal Arbitration Act (ECF No. 5). Having considered the parties' pleadings related to the recent Supreme Court decision, *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Cor*p., 130 U.S. 1758 (2010), I grant Defendants' motion to compel arbitration. However, I deny Defendants' request that I order individual, not class, arbitration.

I.  BACKGROUND

Plaintiffs David Fisher, Bison Constructors, Inc. and Mark Yakowec are former customers of Defendant General Steel Domestic Sales, LLC ("General Steel"). The individual Defendants are present and former General Steel officers and managers. In 2007, Plaintiffs entered into contracts with General Steel to purchase pre-engineered steel structures. These contracts all include identical arbitration clauses providing that "any controversy or claim arising out of or relating to [the] contract, or the breach thereof shall be resolved by arbitration . . . ." (Arbitration Clause, ECF No. 5-1.)

In their pending motion to compel, Defendants request that I compel arbitration and stay this matter pursuant to the applicable arbitration clause and the Federal Arbitration Act ("FAA"). Additionally, Defendants argue that I, not the arbitrator, should determine whether the arbitration should include class proceedings. In response, Plaintiffs agree that an order compelling arbitration of their claims is appropriate. However, Plaintiffs assert that the arbitrator should be ordered to consider and determine whether Plaintiffs' "claims and the claims of the putative class are subject to class arbitration." (ECF No. 10.)

Therefore, it is undisputed that both an arbitration agreement exists and that Plaintiffs' claims are subject to arbitration. I now address the sole remaining issue of whether it is the Court's or the arbitrator's role to determine whether the arbitration proceedings will include class or individual claims.

II.  LEGAL STANDARD

The recent Supreme Court case, *Stolt-Nielsen S.A. v. Animal Feeds*

*International, Corp.*, 130 S.Ct 1758 (2010), speaks to the instant issue. In 2005, AnimalFeeds served Stolt-Nielsen with a demand for class arbitration before the American Arbitration Association. *Id.* at 1765. The parties selected a panel of arbitrators and stipulated that the arbitration clause was "silent" with respect to class arbitration. *Id.* at 1766. Importantly (and later to be relied upon heavily by the Supreme Court), counsel for AnimalFeeds told the arbitration panel that the term "silent" did not simply mean that the clause made no express reference to class arbitration. *Id.* Rather, he said "[a]ll the parties agree that when a contract is silent on an issue there's been no agreement that has been reached on that issue." *Id.* The panel issued a partial final award concluding that the arbitration clause allowed for class arbitration, and stayed the proceeding to allow the parties to seek judicial review. *Id.* Stolt-Nielsen filed an application to vacate the award in the District Court for the Southern District of New York. The district court vacated the award, concluding that the panel had manifestly disregarded the law by not conducting a choice of law analysis. *Id.* On appeal, the Second Circuit reversed the district court and reinstated the panel's award. *Id.*

In reversing the Second Circuit, the Supreme Court emphasized that the task of an arbitrator is to interpret and enforce a contract, not to make public policy. *Id.* at 1770. Normally, that task begins with the wording of the agreement to ascertain the parties' intent in entering the agreement. In *Stolt-Nielsen*, however, the parties had stipulated that the agreement was silent on whether it permitted or precluded class arbitration. Accordingly, the Court determined that "the only task left for the panel, in

light of the parties' stipulation, was to identify the governing rule applicable in a case in which neither the language of the contract nor any other evidence established that the parties had reached any agreement on the question of class arbitration[.] *Id.* at 1770. The panel, however, failed to identify such a governing rule from the FAA or either New York or maritime law. Instead, the panel simply imposed its own policy preference in favor of class arbitration. Because the panel made public policy rather than interpreting the agreement, the Court held that the panel exceeded its powers under 9 U.S.C. § 10(a)(4). *Id.*

As a result of this conclusion, the Supreme Court stated that they must either direct a rehearing by the arbitrators or decide the question that was originally referred to the panel. *Id.* at 1770. Because the Court concluded that there was only one possible outcome on the facts of the case, they declined to direct a rehearing by the arbitrators. *Id.* The Court based this decision, for the most part, on the parties' stipulation that their agreement was silent on class arbitration. Specifically, the Court held that arbitration is a "'matter of consent, not coercion'" and that the governing standard under the FAA is not, as the panel concluded, whether the parties "'intended to preclude class arbitration,'" but "whether the parties agreed to authorize class arbitration." *Id.* at 1773. Finding no agreement to permit arbitration, the Court determined that the class arbitration could not be awarded under the agreement. The Court specifically noted, however, that:

> "We have no occasion to decide what contractual basis may support a finding that the parties agreed to authorize class-action arbitration. Here, as noted, the parties stipulated that there was "no agreement" on the issue

of class-action arbitration."

*Id.* at 1776 n.10.

III.     LEGAL ANALYSIS

Here, the parties agree that Plaintiffs' claims are subject to arbitration. However, the dispute concerns the issue of whether it is the Court's or the arbitrator's role to determine whether Plaintiffs' claims and the claims of the putative class are subject to arbitration. I reject Defendants' argument that "the class arbitrability question is ripe and properly before this Court." (ECF No. 11.) Contrary to the facts in *Stolt-Nielsen*, here, there has been no stipulation that the arbitration agreement is silent on class arbitration. As set forth in the parties' pleadings, this issue is contested. Thus, based on the plain language of *Stolt-Nielsen*, it is clear that an arbitrator may, as a threshold matter, appropriately determine "whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class." *Stolt-Nielsen,* 130 U.S. at 1765 (citing American Arbitration Association Class Rule 3).[1]

Accordingly, I find that Plaintiffs' claims are subject to arbitration and the arbitrator will determine whether those claims may proceed on a class basis. *Stolt-Nielsen* provides an arbitrator with the governing standard upon which to review the applicable arbitration clause. *See Stolt-Nielsen,* 130 S.Ct. at 1773 (the governing standard under the FAA is not whether the parties "'intended to preclude class

---

[1] I also reject Defendants' argument concerning *Stender v. Cardwell*, 2010 WL 1930260 (D.Colo. 2010) as that case is distinguishable to the facts at hand. In *Stender*, plaintiffs withdrew their motion to compel class arbitration. There has been no such withdrawal in this matter.

arbitration,'" but "whether the parties agreed to authorize class arbitration."). The proper scope of the arbitrator's inquiry is not whether the language of the Agreement would support a prohibition on class claims, but whether it authorizes class claims. *Stolt-Nielsen*, 130 S.Ct. at 1773.

IV.     CONCLUSION

Based on the foregoing, it is

ORDERED that Defendants' Motion to Compel Arbitration and for a Stay Pursuant to the Federal Arbitration Act (ECF No. 5) is **GRANTED** to the extent that it requests an order compelling the parties to proceed with arbitration in accordance with the applicable arbitration clauses. The motion is **DENIED** to the extent it requests that the Court determine whether Plaintiffs' claims are subject to class arbitration. This determination is properly made by the arbitrator subject to the governing standards set forth in *Stolt-Nielsen*. The motion is also **DENIED** to the extent that it requests a stay of the proceedings. In lieu of a stay, the case will be administratively closed pursuant to D.C.COLO.LCivR 41.2 with leave to be reopened for good cause shown. It is

FURTHER ORDERED that this Court shall retain jurisdiction until arbitration has been completed. It is

FURTHER ORDERED that since the length of the arbitration process is uncertain, I find that this case should be administratively closed pursuant to D.C.COLO.LCivR 41.2 with leave to be reopened for good cause shown. In furtherance of the administrative closure, the parties are ordered to submit joint status reports to the Court every **six months**. Based upon those status reports, the Court will determine the

appropriate course of action.

       Dated: September 22, 2010

                                    BY THE COURT:

                                    s/ Wiley Y. Daniel
                                    Wiley Y. Daniel
                                    Chief United States District Judge