IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   10-cv-01509-WYD-BNB

DAVID B. FISHER;
BISON CONSTRUCTORS INC.; and
MARK YAKOWEC, on behalf of themselves and all other similarly situated persons

      Plaintiffs,

v.

GENERAL STEEL DOMESTIC SALES, LLC d/b/a GENERAL STEEL CORPORATION,
a Colorado limited liability company;
JEFFREY KNIGHT;
NATHAN WRIGHT;
BRUCE GRAHAM;
LEE BASHORE;
STEVEN PAIGE;
JOHN VIVIAN;
JONAH GOLDMAN; and
WAYNE GASTON,

      Defendants.

**ORDER**

I.   <u>INTRODUCTION</u>

THIS MATTER comes before me on the following motions: (1) Defendants' Motion to Enforce Order Compelling Arbitration and for Injunction of State Court Proceedings and Request for Forthwith Determination, filed May 27, 2011 (ECF No. 23); (2) Defendants' Motion to Confirm Arbitration Awards By Summary Proceeding, filed June 9, 2011 (ECF No. 26); and (3) Plaintiffs' Motion to Vacate Arbitration Rulings, filed August 5, 2011 (ECF No. 49).   After carefully considering the parties' briefs,

related attachments and both the arbitrator's rulings, I find that Defendants' Motion to Confirm Arbitration Awards and Plaintiffs' Motion to Vacate Arbitration Rulings should be denied and the matter should be remanded back to the arbitrator on the Plaintiffs' challenge to the validity of the contract as a whole.  Additionally, I deny as moot Defendants' Motion to Enforce Order Compelling Arbitration and for Injunction of State Court Proceedings and Request for Forthwith Determination.

II.     BACKGROUND

Plaintiffs are former customers of Defendant General Steel Domestic Sales, LLC.  The individual Defendants are present and former General Steel officers and managers.  In 2007, Plaintiffs entered into contracts with General Steel to purchase pre-engineered steel structures.  These contracts all include identical arbitration clauses providing that "any controversy or claim arising out of or relating to [the] contract, or the breach thereof shall be resolved by arbitration . . . ."  (Arbitration Clause, ECF No. 5-1.)  On June 28, 2010, Plaintiffs filed this action in this Court.  Shortly thereafter, Defendants filed a motion to compel arbitration.

On September 22, 2010, I entered an Order compelling arbitration and administratively closing this case.  (ECF No. 13.)  In my Order, I noted that "it is undisputed that both an arbitration agreement exists and that Plaintiffs' claims are subject to arbitration."  (ECF No. 13 at 2.)  Thus, the sole issue I decided was "whether it is the Court's or the arbitrator's role to determine whether Plaintiffs' claims and the claims of the putative class are subject to arbitration."  (ECF No. 13 at 5.)  Based on the Supreme Court decision *Stolt-Nielsen S.A. v. Animal Feeds International,*

*Corp.*, 130 S.Ct 1758 (2010), I found that "it is clear that an arbitrator may appropriately, as a threshold matter, determine whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class."  (ECF No. 13 at 5.)   Thus, I concluded that Plaintiff's claims are subject to arbitration, and the arbitrator shall determine whether Plaintiffs' claims may proceed on a class basis.   (ECF No. 13 at 5-6.)

III.     ARBITRATION

    A.     First Arbitration Award

Pursuant to my Order, the parties commenced arbitration and litigated preliminary matters.[1]   On February 10, 2011, the arbitrator ruled that Plaintiffs' claims should not proceed on a class basis and ordered each claim to be heard individually ("First Arbitration Award").   Plaintiffs then filed a Motion for Clarification or Reconsideration of the First Arbitration Award and a Motion for Stay, which were both denied.

    B.     Second Arbitration Award

On June 2, 2011, the arbitrator granted the Defendants' Motion for Attorneys' Fees and denied the Defendants' Motion for Entry of Default ("Second Arbitration Award").   In making his rulings, the arbitrator noted that the Defendants filed the Motion for Attorneys' Fees pursuant to a provision in the parties' contracts.   Plaintiffs

---

[1] During the arbitration process, the arbitrator referred to Plaintiffs as "Claimants" and Defendants as "Respondents."   To simplify, in this Order, I will refer to the parties as "Plaintiffs" and "Defendants."

responded arguing that the matter had not yet reached final decision and thus, it was premature to consider an award of fees.   Defendants then filed a Motion for Entry of Default arguing that the Plaintiffs had taken no steps to set the individual cases for an arbitration hearing.   Plaintiffs then filed a Notice of Dismissal asserting that the matter was concluded and that the arbitrator no longer had jurisdiction to decide either the Motion for Default or the Motion for Attorneys' Fees.   (Second Arbitration Award at 1.)

With respect to the Plaintiffs' Notice of Dismissal, the arbitrator rejected Plaintiffs' argument that the arbitrator can make no further orders of any kind because they dismissed the action.   The arbitrator noted that "[c]ases that have considered the issue in similar contexts have ruled that jurisdiction is retained by a Court to determine collateral matters such as fee requests."   (Second Arbitration Award at 2.)   He went on to state that

> [i]t would be inherently unfair to allow a party to force the other party to incur substantial fees and arbitration costs and when it appears that the party will not be as successful as hoped for, to dismiss the case and leave the aggrieved party with no ability to recover its costs and fees.   That is especially true here where Claimants [Plaintiffs] did not file the notice of dismissal until **after** they had substantially and fully responded to the Motion for Attorneys fees.

(Second Arbitration Award at 2) (emphasis in original).

As to Defendants' Motion for Attorneys' Fees, the arbitrator noted that the contracts between the parties provided that "buyer agrees to pay Seller all legal and other expenses . . . in any dispute related to this agreement."   (Second Arbitration Award at 2.)   Thus, the arbitrator concluded that the $9064 sought by Defendants in

attorney fees was both reasonable and necessary and "not premature in view of the fact that Claimants have apparently abandoned their claims in this arbitration." (Second Arbitration Award at 2.) The arbitrator awarded the Defendants $9064 in attorney fees.

IV. ANALYSIS

The Defendants seek confirmation of both the First and Second Arbitration Awards pursuant to 9 U.S.C. § 9. In response, Plaintiffs object and request a vacatur pursuant to 9 U.S.C. § 10(a). Plaintiffs generally argue that the arbitrator exceeded his powers and specifically "disregarded governing law" regarding jurisdiction and enforceability of the contracts at issue. (Pls' Mot. at 7-15.) Each of these contentions is opposed by the Defendants.

An arbitration award may only be vacated under the limited circumstances set forth in the Federal Arbitration Act, 9 U.S.C. § 10, or under certain judicially-created exceptions, such as an arbitrator's manifest disregard for the law. *Hicks v. Cadle Co.*, Nos. 08-1306, 08-1307, 08-1435, 2009 WL 4547803, at *7 (10th Cir. Dec. 7, 2009). Section 10 of the FAA permits vacatur "where the arbitrators exceeded their powers" or when the arbitrator fails to make a "mutual, final, and definite award upon the subject matter submitted." 9 U.S.C. § 10(a)(4); *see Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 932 (10th Cir. 2001). As the Supreme Court recently reaffirmed, the party seeking vacatur under Section 10 "must clear a high hurdle." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S.Ct. 1758, 1767 (2010). The arbitrator must "resolve all issues submitted to the arbitration, and determine each issue fully so that no further litigation is necessary to finalize the obligations of the parties under the award." *Gas Aggregation*

*Services, Inc. v. Howard Avista Energy, LLC*, 319 F.3d 1060, 1069 (8th Cir. 2003).

Here, during the arbitration process, Plaintiffs claimed that the contracts were unenforceable due to "fraud in the inducement," and asserted that the arbitrator must first determine this issue. The arbitrator disagreed stating that

> [t]he issue of arbitrability of this controversy was before the federal district court. Any argument that these provisions are unenforceable would have been properly directed to that court at that time or at a minimum the claimant should have advised the Court that the matter was reserved for the arbitration itself. Instead, the Claimants requested that the district court compel arbitration in this matter. They can not now be allowed to raise that issue.

(First Arbitration Award at 2.)

Agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 4. A motion to compel arbitration based on an arbitration agreement is governed by 9 U.S.C. § 4 which reads as follows:

> The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. ... If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.

9 U.S.C. § 4. Accordingly, the Supreme Court has held that when the parties to an agreement dispute whether arbitration is required by that agreement, a federal court may only resolve the issue when the parties dispute the making of the arbitration agreement itself. *Id.*; *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404

(1967).  "[A] federal court may consider only issues relating to the making and performance of the agreement to arbitrate."  *Prima Paint Corp.*, 388 U.S. at 404. Relevant to this matter, "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator."  *Id.* at 449.

In reviewing the arbitrator's First Arbitration Award, I find that it does not appropriately address Plaintiffs' challenge to the validity of the contracts as a whole. Instead, the arbitrator declined to address this issue suggesting that Plaintiffs should have raised this issue before me in connection with the Defendants' Motion to Compel Arbitration.  However, given the law set forth above, I find that since Plaintiffs are challenging the validity of the contract as a whole (fraudulent inducement), this issue must be decided by the arbitrator.

The Tenth Circuit has held that "remand for clarification is necessary" when "there is more than one reasonable interpretation of the arbitration panel's award." *U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 831 (10th Cir. 2005) (citing numerous decisions where other circuits have determined that a district court may remand an award to the arbitrator for clarification).   "It is not the role of the courts to interpret vague arbitration awards."  *Id.* at 834.

Here, while I have the authority to vacate the arbitrator's award under 9 U.S.C. § 10(a)(4), I find that remanding the matter back to the arbitrator is more appropriate as I conclude that the arbitrator failed to make a final determination on a material, threshold issue.  *See Gas Aggregation Services,* 319 F.3d at 1069.   The arbitrator failed to resolve all issues submitted to the arbitration, and determine each issue fully so that no

further litigation is necessary to finalize the obligations of the parties under the award. Thus, I find the arbitrator's First Arbitration Award incomplete, unclear, and appropriate for remand pursuant to the controlling authority and 9 U.S.C. § 10(a)(4).   This matter shall be remanded back to the arbitrator for a final award with respect to the issue of the validity of the contracts, leaving nothing open for judicial determination.   Accordingly, since this ruling could potentially affect the arbitrator's other rulings, it would be premature for me to issue any order regarding those rulings or awards at this time.

Accordingly, it is

ORDERED that Defendants' Motion to Confirm Arbitration Awards By Summary Proceeding (ECF No. 26) and Plaintiffs' Motion to Vacate Arbitration Rulings (ECF No. 49) are **DENIED.**   It is

FURTHER ORDERED that pursuant to 9 U.S.C. § 10(a)(4), this matter is **REMANDED** back to the arbitrator to issue a mutual, final and definite award with respect to the issue of whether the contracts are valid and enforceable leaving nothing open for judicial determination.   It is

FURTHER ORDERED that in light of Defendants' statements in their filing dated July 13, 2011, the Motion to Enforce Order Compelling Arbitration and for Injunction of State Court Proceedings and Request for Forthwith Determination (ECF No. 23) is **DENIED AS MOOT.**

Dated: October 31, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge