IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01509-WYD-BNB

DAVID B. FISHER;
BISON CONSTRUCTORS INC.; and
MARK YAKOWEC, on behalf of themselves and all other similarly situated persons

Plaintiffs,

v.

GENERAL STEEL DOMESTIC SALES, LLC d/b/a GENERAL STEEL CORPORATION, a Colorado limited liability company;
JEFFREY KNIGHT;
NATHAN WRIGHT;
BRUCE GRAHAM;
LEE BASHORE;
STEVEN PAIGE;
JOHN VIVIAN;
JONAH GOLDMAN; and
WAYNE GASTON,

Defendants.

---

**ORDER**

---

THIS MATTER comes before me on the following motions: (1) Plaintiff Marc Yakowec's Motion for District Court to Take Jurisdiction of Proceeding (ECF No. 66); (2) Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 69); (3) Defendants' Motion to Compel Arbitration (ECF No. 77); and (4) Defendants' Motion to Strike (ECF No. 80). After carefully reviewing the record in this matter, I deny the requested relief as follows.

Plaintiffs are former customers of Defendant General Steel Domestic Sales, LLC. The individual Defendants are present and former General Steel officers and

managers. In 2007, Plaintiffs entered into contracts with General Steel to purchase pre-engineered steel structures. These contracts all include identical arbitration clauses providing that "any controversy or claim arising out of or relating to [the] contract, or the breach thereof shall be resolved by arbitration . . . ." (Arbitration Clause, ECF No. 5-1.) On June 28, 2010, Plaintiffs filed this action in this Court. Shortly thereafter, Defendants filed a motion to compel arbitration.

On September 22, 2010, I issued an Order compelling arbitration and administratively closing this case pursuant to D.C.COLO.LCivR 41.2 with leave to be reopened for good cause shown. (ECF No. 13). On October 31, 2011, I denied Defendants' motions to confirm the arbitration awards and remanded this case back to the arbitrator. (ECF No. 62). Since the length of the arbitration process is uncertain, this matter continues to be administratively closed.

On March 12, 2013, Plaintiff Yakowec filed the pending Motion for District Court to Take Jurisdiction of Proceeding (ECF No. 66), which I construe as a motion to reopen this case. I administratively closed this matter pursuant to D.C.COLO.LCivR 41.2, which provides that a case may be reopened for good cause. Generally, there would be good cause to reopen when the parties wish to litigate remaining issues that have become ripe for review. Based on my review of this matter, there are no issues properly before me or ripe for review. I issued an order compelling arbitration. The parties participated in arbitration until the Plaintiff voluntarily dismissed the arbitration. However, based on the pleadings, it appears that both parties wish to continue arbitration in some capacity. In the present motion, Plaintiff requests without any

supporting authority that I should "accept and take jurisdiction of this proceeding or, at the very least, order the parties to arbitrate this matter with an objective, fair, and qualified arbitrator." (ECF No. 66 at 15). This request is denied as meritless. My order compelling arbitration remains in full force and effect. This matter will not be reopened absent good cause. Accordingly, it is

ORDERED that Plaintiff Marc Yakowec's Motion for District Court to Take Jurisdiction of Proceeding (ECF No. 66), which I construe as a motion to reopen, is **DENIED.** In accordance therewith, it is

FURTHER ORDERED that (1) Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 69); (2) Defendants' Motion to Compel Arbitration (ECF No. 77); (3) the Amended Complaint (ECF No. 73); and (4) Defendants' Motion to Strike (ECF No. 80) are **STRICKEN** from the record as this matter is administratively closed. It is

FURTHER ORDERED that since the length of the arbitration process is uncertain and there is a question as to whether the parties wish to continue arbitration, I find that this case shall remain administratively closed pursuant to D.C.COLO.LCivR 41.2 with leave to be reopened for good cause shown. Absent a meritorious request to reopen this case on or before March 1, 2014, the matter will be dismissed without prejudice without any further notice to either party.

Dated: September 27, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge